# Smith, Appellant, *v.* Philadelphia & Reading Ry.

*Appeals—Judgment—Interlocutory and final judgments—Judgment on question of law—Time—Perfecting appeals.*

1. An order of the common pleas that "the affidavit of defense raising questions of law is sustained," is not a final judgment from which an appeal lies.

2. To make such order a final judgment, there should be added to it the words "and judgment is now entered for defendant."

3. It seems that a certiorari taken in the office of the Supreme Court and lodged with the clerk of the particular court below on the last day of the appeal period, although not reaching the general office of the prothonotary of the courts of common pleas of the county until the following day, is sufficient to perfect the appeal.

Argued January 6, 1926. Rule to strike off order quashing appeal, No. 102, Jan. T., 1926, and to restore case to list, in case originating in C. P. No. 5, Phila. Co., Sept. T. 1923, No. 7618, entitled Alexander Smith v. Phila. & Reading Ry. Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Rule discharged.

*John Francis Williams,* with him *Raymond Pace Alexander,* for appellant.

*Wm. Clark Mason,* for appellee.

PER CURIAM, March 19, 1926:

Plaintiff sued under the Federal Employers' Liability Acts to recover for personal injuries. Defendant filed an affidavit of defense, in the nature of a demurrer, to the effect that plaintiff's statement of claim showed his

cause of action to be one "which is not within the Federal Employers' Liability Acts as interpreted by the Supreme Court of the United States." On April 13, 1925, the court below entered the following order: "The affidavit of defense raising questions of law is sustained." The docket entries of the court below show that, on October 14, 1925, plaintiff, treating the above order as a final judgment, caused a certiorari to issue from this court and on that day lodged it with the clerk of Court of Common Pleas No. 5, the particular tribunal that had disposal of the case. When the matter came before us for argument, the appeal thus taken was quashed. On March 4, 1926, a rule was allowed to show cause why the order quashing the appeal should not be stricken off and the case restored to its place on our lists. The petition in support of this rule avers that the "appeal was taken in the office of the prothonotary of the Supreme Court" on October 13, 1925, as is shown by our records, and that the certiorari was lodged with the clerk of the court below on that day, although it did not get to the general prothonotary's office of the common pleas of Philadelpha County until the following day, as shown by the docket entries of the court below. No answer was filed to this petition. Under the circumstances, we might well hold the lodging of the writ with the clerk of the court below on October 13th, the last day of the appeal period, sufficient to perfect the appeal, but it is not necessary to decide this question, for it is plain that the order before us is not a final judgment; to make it such the order should have been followed by the words, "and judgment is now entered for defendant." Upon the entry of final judgment by the court below, plaintiff's right to appeal will arise.

And now, March 19, 1926, the rule heretofore allowed is discharged.