# Watkins, Appellant, *v.* Neff et al.

*Appeals—Judgment—Judgment n. o. v.—Entry of judgment by prothonotary—Judgment index—Acts of April 22, 1905, P. L. 286, and May 11, 1911, P. L. 279—Exceptions.*

1. The necessity for granting an exception at the time of the entry of a judgment n. o. v., as provided by the Act of April 22, 1905, P. L. 286, has been superseded by section 6 of the Act of May 11, 1911, P. L. 279; but no appeal can be taken under the Act of 1905, unless an actual judgment has been entered.

2. Where the court, on a motion for judgment n. o. v., orders, "The motion allowed and judgment ordered to be entered in favor of defendants against plaintiff," and the prothonotary subsequently makes an entry in his docket, as follows, "Nov. 24, 1925. Judgment entered as order court," the entry made by the prothonotary is the final judgment from which an appeal lies, and from the date of which, the three months' limitation provided by the act, runs.

3. While it is better practice under the Act of 1905 for the court itself to enter the judgment, yet this can be done through the hand of the clerk or prothonotary, when so directed by the court.

4. In such case, the fact that the judgment index recites a judgment as entered as of the date of the order, is not controlling.

5. The mere fact of listing an order as a judgment on the index, cannot turn that which is not a judgment into a judgment.

Appeal, No. 129, Jan. T., 1926.
Motion to quash appeal.

*Abraham Wernick,* for appellant.

*Adolph Eichholtz,* for appellee.

PER CURIAM, October 14, 1926:

Plaintiff obtained a verdict. Defendants moved for judgment n. o. v. On August 24, 1925, the court below entered an order thus: "The motion allowed and judgment ordered to be entered in favor of defendants against plaintiff." The docket kept by the prothonotary of the Courts of Common Pleas of Philadelphia County shows this entry: "November 24, 1925. Judgment n. o. v. as order court." On November 25, 1925, plaintiff appealed to this court. Defendants have moved to quash the appeal on the ground that it was taken more than three months after the entry of final judgment. This raises two questions: (1) Has there been a final judgment? (2) If so, on what date was it entered?

The Act of April 22, 1905, P. L. 286, commonly known as the Non Obstante Veredicto Act, directs that, in disposing of the motions therein provided for, "It shall be the duty of the court......to enter such judgment as should have been entered upon [the evidence], at the same time granting to the party against whom the decision is rendered an exception to the action of the court in that regard." Then the statute provides: "From the judgment thus entered either party may appeal."

The necessity for granting an exception at the time of the entry of the judgment has been superseded by section 6 of the Act of May 11, 1911, P. L. 279 (Knobeloch v. Pgh., H., B. & N. C. Ry. Co., 266 Pa. 140, 143; West v. Manatawny, etc., Ins. Co., 277 Pa. 102, 105), but the above provision for an exception shows that the Act of 1905 contemplated the actual entry of a judgment by the court before an appeal could be taken; moreover, in Jones v. Marion Coal Co., 227 Pa. 509, 510, 511, called to our attention by appellee, we said in effect that the act had reference to judgments "entered directly by the court." There the order appealed from read: "And now, January 2, 1909, the rule for a new trial is discharged. The rule for judgment non obstante veredicto is made absolute, and judgment is now entered for the defendant. Same day exception is granted to the plaintiff."

The order of August 24, 1925, now before us, does not enter a judgment; it simply directs that judgment is "ordered to be entered," evidently intending that the prothonotary, or clerk of the court, should enter the formal judgment. While it is better practice under the Act of 1905 for the court itself to enter the judgment, as in the Jones Case, yet this can be done through the hand of the clerk or prothonotary when so directed by the court; but, however done, an actual judgment must be entered: Statute of Frauds, Act March 21, 1772, 1 Sm. Laws 390. Too many rights may be affected by judgments to apply to such important entries the maxim mentioned by appellee, that the law will regard as done that which ought to be done, or to follow any other loose method of procedure. A record indication, such as appears in this case, that a court intends a judgment to be entered, is not the equivalent of its enrollment, or actual entry: see Smith v. P. & R. Ry. Co., 286 Pa. 55. Had the defendants desired to have the judgment entered sooner than it was, so that the time for an appeal would

commence to run from an earlier date, they could have accomplished this by a proper motion.

It remains but to say, the fact that the judgment index recites a judgment as entered on August 24, 1925, is in no sense controlling. While a mistake in indexing a judgment may, under some circumstances, prove fatal so far as rights which might be affected by the judgment are concerned, yet the mere fact of listing an order as a judgment upon the index cannot turn that which is not a judgment into a judgment. The entry in the index is not the judgment, it is, as expressed in the first edition of Troubat and Haly's Practice (published in 1825), at page 244, "in addition" to the entry of the judgment in the court docket, and refers to the "judgment itself."

On the record before us no final judgment was entered until November 24, 1925, and plaintiff appealed the next day, which, of course, was within the statutory period.

The motion to quash is overruled.