Bloomfield Trust Co. *v.* Trojanowski, Appellant.

Argued October 2, 1929.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*F. A. Piekarski,* for appellant.

*W. W. Booth,* with him *Reed, Smith, Shaw & McClay,* for appellee.

PER CURIAM, November 25, 1929:

This is an appeal from an order of the court of common pleas making absolute a rule for judgment for want of a sufficient affidavit of defense.

Suit was instituted on a promissory note in the sum of $2,500, signed by Bertha Mevlan and Harry Mevlan, payable to the order of the Bloomfield Cleaning Company, ninety days after date. The note was endorsed on the back by appellant, Helen Trojanowski, as follows: "For value received I, we or either of us, jointly and severally hereby guarantee payment of the within note at maturity and waive protest thereof. [Signed] Bloomfield Cleaning Company, Bertha Mevlan, Joseph S. Chettle, H. Helen Trojanowski." The statement of claim averred that appellee purchased the note before maturity, for value, in good faith and without notice of any defects, and was the holder thereof in due course. The affidavit of defense did not deny that appellee was a holder in due course or that appellant signed the endorsement, but alleged that she did not guarantee payment of the note and denied that she was liable thereon as principal. It further averred that the note was a renewal of a previous note guaranteed by her husband, and that, after his death, she endorsed it without consideration, upon representations to her by appellee and the two Mevlans that she must endorse and guarantee it in place of her husband. The court below held that the defense was insufficient and entered judgment for the plaintiff.

No one of the defenses presented is valid. The allegation that appellant did not guarantee payment of the note is of no avail; it is a conclusion of law which does not deny the fact that she signed the endorsement. The contract thus created operates as one of suretyship, since there was no statement to the contrary (Act of July 24, 1913, P. L. 971), and appellant's liability on the note is a primary one, unless that liability is negatived in some other way. Appellant seeks to establish this by citing the rule that a note given by a widow for the payment of a debt due from her deceased husband's estate cannot be enforced without a new consideration. See Paxson v. Nields, 137 Pa. 385. Such, however, is not the situation here. Appellant is not the maker of the note, but a surety on an instrument which, on the face of the pleadings, was endorsed to the present holder before maturity, for value, and without notice of any defects. In a case like this, her liability is not predicated on consideration moving to her. "The payment of the money to the principal debtor is sufficient consideration to support the obligation assumed by the surety": Miners State Bank v. Auksztokalnis, 283 Pa. 18, 25. Finally, the alleged representations do not avoid appellant's liability without an averment of fraud, accident or mistake: First Nat. Bank of Hooversville v. Sagerson, 283 Pa. 406, 408. There was no allegation that the representations, even if they were made, in any way deceived appellant. The affidavit of defense was properly held insufficient.

The judgment is affirmed.