## Connor v. Mitten Men & Management Bank & Trust Co. et al.

*J. J. Cahill* and *W. W. Smithers*, for plaintiff.

*Ballard, Spahr, Andrews & Ingersoll*, for defendant.

*J. S. Sinclair, Maurice W. Sloan* and *Saul, Ewing, Remick & Saul*, for additional defendants.

MARTIN, P. J., Oct. 27, 1930.—Plaintiff instituted suit to recover from the Mitten Men and Management Bank and Trust Company $4500, alleged to be on deposit to her credit.

The defendant, Mitten Men and Management Bank and Trust Company, issued a writ of *scire facias* to add the Real Estate-Land Title and Trust

Company as an additional defendant, under the provisions of the Act of April 10, 1929, P. L. 479. It is averred in the writ that $3500 of money deposited by the plaintiff has been paid upon a check drawn to the order of the plaintiff and endorsed by the Real Estate-Land Title and Trust Company.

After the *scire facias* had issued, returned and a rule for a more specific *scire facias* made absolute, a stipulation, signed by counsel, was filed of record, agreeing that the *scire facias* should be amended and made more specific by adding a paragraph stating that on Jan. 22, 1927, the Brotherhood of Locomotive Engineers Title and Trust Company, the predecessor of the Mitten Bank, issued a check for $3500, payable to the order of plaintiff, which check was apparently endorsed by Ellen Connor, the plaintiff, making her mark in the presence of Frank R. Loney as a witness, and was subsequently endorsed by divers other persons and corporations, including the Real Estate Title Insurance and Trust Company, the predecessor of the Real Estate-Land Title and Trust Company; that the endorsement of the Real Estate Title Insurance and Trust Company contained the words "Previous Endorsements Guaranteed;" that the endorsement of plaintiff upon the check shows, if genuine, that plaintiff received $3500, which was a component part of the balance of $4500 for which she has brought suit; that the check was presented to the Brotherhood of Locomotive Engineers Title and Trust Company and paid, relying upon the several guaranties, including that of the Real Estate Title Insurance and Trust Company; that if plaintiff is successful in proving that she did not endorse the check, the Mitten Men and Management Bank and Trust Company would be liable to plaintiff in the sum of $3500, and the Real Estate-Land Title and Trust Company would become severally liable to the Mitten Bank by virtue of its guaranty of the prior endorsements.

An affidavit of defense raising questions of law was filed by the Real Estate-Land Title and Trust Company to the *scire facias*, suggesting that the Act of April 10, 1929, does not authorize a writ of *scire facias* against an additional defendant under the facts and circumstances of this case; that the Real Estate-Land Title and Trust Company is not liable to Mitten Men and Management Bank and Trust Company for the cause of action declared on, or jointly or severally liable over to the Mitten Men and Management Bank and Trust Company; that the cause of action between Ellen Connor and Mitten Men and Management Bank and Trust Company is not the same cause of action set forth in the suit against the Real Estate-Land Title and Trust Company in the writ of *scire facias;* that the facts set forth in the writ of *scire facias* and other pleadings show that the original defendant is not entitled to recover from the Real Estate-Land Title and Trust Company for the reason that the company had no notice or knowledge of the alleged forged endorsement within a reasonable time or within the time required by law.

It is urged on behalf of the Real Estate-Land Title and Trust Company that the endorsement limited the liability of the company to guaranteeing the genuineness of previous endorsements, and when Ellen Connor alleged her endorsement to be a forgery, to bind the Real Estate-Land Title and Trust Company, it was necessary that notice be promptly given to the endorser.

The endorsement by the Real Estate-Land Title and Trust Company was more than a guarantee of genuineness of previous endorsements. The endorsement created a suretyship to insure the payment of the check. The endorser was not entitled to notice of default, and could not compel prosecution to exhaustion of the previous endorsers: Miners State Bank *v.* Auksztokalnis, 283 Pa. 18.

In Bloomfield Trust Co. *v.* Trojanowski, 298 Pa. 61, 63, it was said: "The allegation that appellant did not guarantee payment of the note is of no avail;

it is a conclusion of law, which does not deny the fact that she signed the endorsement. The contract thus created operates as one of suretyship, since there was no statement to the contrary (Act of July 24, 1913, P. L. 971), and appellant's liability on the note is a primary one."

The check for $3500 paid by the Brotherhood of Locomotive Engineers Title and Trust Company, predecessor of Mitten Men and Management Bank and Trust Company, from the money in the account of plaintiff was paid in reliance upon the endorsement of the Real Estate Title Insurance and Trust Company, one of the sureties on the check. If the endorsement of the payee is proved to have been forged, the principal defendant, Mitten Men and Management Bank and Trust Company, will be compelled to pay plaintiff the entire amount of her claim, including the $3500 already paid. If this liability is incurred, the proceeding under the Act of April 10, 1929, P. L. 479, is proper to obtain relief from an endorser that was surety for the payment of the check. As a surety the endorser was not entitled to notice that the payee in the check claimed that her endorsement was forged.

And now, Oct. 27, 1930, the questions of law raised by the affidavit of defense are not sustained. The additional defendant, Real Estate-Land Title and Trust Company, is allowed fifteen days to file an affidavit of defense to the averments of fact in the statement of claim recited in the writ of *scire facias*.