McClelland, Appellant, *v.* West Penn Appliance Company.

472

Argued April 21, 1938.

Before Keller, P. J., Cunning-
ham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Zeno F. Henninger,* of *Henninger & Ehrman,* with
him *Kenneth L. Snow* and *Willis McDonald,* for appel-
lant.

*J. Campbell Brandon,* with him *W. D. Brandon,* of
*Brandon & Brandon,* and *Hugh S. Millar,* for appellee.

Opinion by Parker, J., September 29, 1938:

Cecelia McClelland brought an action in trespass
against West Penn Appliance Company to recover dam-

ages for personal injuries. The case proceeded to trial and the plaintiff obtained a judgment against the defendant when it made motions for a new trial and for judgment n. o. v. After argument the court filed an opinion and made the following order: "Aug. 6, 1935, A new trial is refused and judgment in favor of defendant, notwithstanding the verdict of the jury in favor of plaintiff, is awarded. By the Court, JOHN H. WILSON, P. J." This order was noted in full on the appearance docket. On August 8, 1935, attorneys for both plaintiff and defendant acknowledged in writing receipt of a copy of the opinion and the order of the court. This acceptance of notice is also recorded on the appearance docket under that date.

Nothing more appears upon the appearance docket for over two years when we find the following notation: "And now, to-wit: Sept. 4, 1937, The jury fee having been paid, in the above entitled case, and in accordance with the Order of Court, dated August 6, 1935, Judgment N. O. V. is hereby entered in favor of the above Plaintiff[1] and against the Defendant, with costs of suit, etc., as per Praecipe filed at Rule Book No. 3, page No. 156. Frank E. Clark, Pro." The praecipe was signed by counsel for Cecelia McClelland. On December 1, 1937, the appeal was taken to this court. We are all of the opinion that a final judgment was

---

[1] There was here a confusion in the use of the words "plaintiff" and "defendant." In the judgment index when this second judgment was entered, the West Penn Appliance Company was treated as a plaintiff and Cecelia McClelland as a defendant, and when the order of September 4, 1937, was recorded on the appearance docket, the order was for judgment n. o. v. in favor of the plaintiff when it should have been in favor of the real defendant. This same error was repeated in the title of the printed briefs submitted to us. In our discussion we have referred to Cecelia McClelland throughout as the plaintiff since the appeal should be from the judgment entered in the appearance docket.

entered August 6, 1935, and that the appeal was taken too late.

The Non Obstante Veredicto Act of April 22, 1905, P. L. 286 (12 PS §681), provides that in the disposition of motions thereunder "it shall be the duty of the court ...... to enter such judgment as should have been entered upon that [the] evidence," and that "from the judgment thus entered either party may appeal to the Supreme or Superior Court." The court alone has the power to enter such a judgment or to direct such a judgment to be entered. "It is better practice under the Act of 1905 for the court itself to enter the judgment": *Watkins v. Neff*, 287 Pa. 202, 204, 134 A. 625. The Act of March 29, 1805, 4 Sm. L. 242, §13 (12 PS §1051), providing for the payment of a jury fee, and the entry of judgment upon a verdict, had no reference to a judgment entered directly by the court under the Act of 1905: *Jones v. Marion Coal Co.*, 227 Pa. 509, 76 A. 248. Such judgment must be first entered in the appearance docket provided for in the third section of the Act of June 11, 1879, P. L. 134 (17 PS §1929). This entry alone makes it a valid judgment: *Trestrail v. Johnson*, 297 Pa. 49, 56, 57, 146 A. 150. The question of notice is not here involved as the record shows appellant had actual notice of the action of the court on August 8, 1935.

Where the court does not enter a judgment n. o. v. but merely decides the question raised, there is not a judgment from which an appeal may be taken. In *Leibfried v. Horn*, 294 Pa. 137, 138, 143 A. 786, the orders were in this form: "It is adjudged that plaintiffs have not set out a good cause of action," and "after reargument we adhere to our opinion that the statement filed does not set out a good cause of action." The Supreme Court said: "It is obvious that neither order entered by the court below is a final one; to make either of these orders final, it would have to be followed by

some such words as 'and judgment is now entered for defendant.' " Also, see *Smith v. Phila. & R. Ry.*, 286 Pa. 55, 132 A. 804.

Where the court directs a judgment to be entered, intending that the prothonotary should enter the final judgment, there is not a final judgment until such judgment is actually entered in the appearance docket: *Watkins v. Neff*, supra.

In the present case the court concluded an opinion holding that defendant was entitled to judgment n. o. v. with a formal order and "awarded" a judgment for the defendant, and that "award" was immediately spread at length upon the appearance docket. The court did not stop with a determination of the issues involved but actually awarded a judgment, and such order was immediately placed on the docket. In our opinion the phrase used was the equivalent of the words, "and judgment is now entered for defendant." The order left nothing to be done; it was in fact the entry of a judgment when the court said, "Judgment is awarded." We do not see how it could mean anything else than that the judgment was then and there entered for the defendant.

The appeal is quashed.