## Nether Providence Township Sewer District Assessment Case.

8

Argued November 18, 1941.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, RHODES, HIRT and KEN-
WORTHEY, JJ.

A. B. Geary, of Geary & Rankin, for appellants.

J. H. Ward Hinkson, for appellee.

OPINION BY BALDRIGE, J., February 28, 1942:

We previously had before us an appeal from the decree of the court below dismissing certain exceptions and sustaining others filed to the report of a jury of view assessing benefits for the construction of a sewer in Nether Providence Township. The learned court below referred the report back to the viewers for additional findings as to four properties in the sewer district not assessed and no explanation given for the omission. We affirmed that action. See *Nether Providence Township Sewer District Assessment Case*, 143 Pa. Superior Ct. 286, 18 A. 2d 128. Additional testimony was taken, and a supplemental report was returned to the court, to which exceptions again were filed. This appeal is from the order of the court below dismissing those exceptions.

The supplemental report fully sets forth the reason for not assessing the Montgomery, Elsbree, Van Hauten, and Duer properties, which were omitted in the original report. It appears therein that it was necessary for the sewer to pass through these properties and the township to acquire the rights of way agreed with the owners, in consideration for the grants, that the properties would not be assessed for the cost of constructing the sewer. Such a provision was incorporated in three of the four written agreements, but was not included in the one with the owners of the Duer property. The testimony clearly reveals that this omission was due entirely to an oversight upon the part of the then township solicitor.

The jury, in its supplemental report, after discussing the testimony relating to the Duer property, stated: "In the light of this testimony, the Viewers find that the Township was granted a sewer right-of-way by the owners of the four properties above mentioned, upon the express understanding that there should not be assessed against their several properties any part of the cost of constructing the sewer, and that the clause

specifically incorporating such understanding was omitted from the Duer agreement by mistake."

The appellants contend that the Duer agreement cannot be modified by parol evidence and that the statement in the jury's report that the exemption clause was omitted by mistake was not based on competent evidence and was erroneous as a matter of law.

Where, as here, the evidence shows conclusively that the writing did not contain the entire agreement between the parties and it appears without denial that a material clause was omitted from the agreement due to mistake the parol evidence rule forbidding oral modification is not applicable: *Newland, Admrx. v. Lehigh Valley Railroad Company*, 315 Pa. 193, 196, 197, 173 A. 822; *Allinger, Assignee, v. Melvin*, 315. Pa. 298, 172 A. 712; *Roberts v. Roesch*, 306 Pa. 435, 159 A. 870; *Howell et ux. v. Wheelock*, 115 Pa. Superior Ct. 599, 176 A. 252.

It is a policy of the law to reform an agreement to express the intentions of the parties if something has been omitted by mistake: *Broida, to use, v. Travelers Insurance Company*, 316 Pa. 444, 447, 175 A. 492; *Euster v. Standard Accident Insurance Company*, 139 Pa. Superior Ct. 6, 9, 10 A. 2d 877.

Furthermore, as these appellants were not parties to the agreement between the township and Duers they were not in a position to object to the introduction in evidence of the parol agreement conceded by the parties thereto to have been omitted from the written instrument by mistake. The parol evidence rule does not apply generally in case of a stranger to the contract: *Simon & Sons v. Emery*, 254 Pa. 569, 573, 99 A. 78; *Washington Steel Form Co. v. North City Trust Co.*, 308 Pa. 351, 358, 162 A. 829.

The appellants insist before us that the township had no power to enter into a contract to release the property owners from any liability for assessments for benefits in consideration of the granting of a right of way

and a release of damages. This question was not raised in the court below and therefore need not be considered in this appeal: *Middletown Boro. v. Penna. Public Utility Commission*, 143 Pa. Superior Ct. 444, 447, 17 A. 2d 904; *Quaker Worsted Mills Corp. v. Howard Trucking Corp.*, 131 Pa. Superior Ct. 1, 8, 198 A. 691; *Parke, to use, et al., v. Penna. Threshermen & Farmer's Mut. Cas. Co.*, 334 Pa. 417, 419, 6 A. 2d 304. Viewing this contention on its merits it cannot prevail.

The sections of our Township Code, Act of June 24, 1931, P. L. 1206, 53 PS §19092, dealing with a township's exercise of the right of eminent domain, and the assessment of benefits and damages (Article XIX, §1901 ff, 53 PS §19092-1901) in connection with the construction of sewer systems (§2401 ff, 53 PS §19092-2401), clearly reveal that it was not the intention of our law makers to preclude a township from making a contract with a property owner covering the subject of damages and benefits. Section 1920 of Article XIX, 53 PS §19092-1920, expressly provides that in case the compensation for damages or benefits accruing from the exercise of the right of eminent domain have not been agreed upon, viewers shall be appointed.

One can readily conceive that a sewer may pass through a property owner's lawn and extensive excavations be made, which cause damages to the owner's property equal to, or in excess of, the cost of construction assessable against that property. In such event it doubtless would often be sensible for the township to enter into a contract with the owners.

There is no evidence before us showing that these contracts were illegal, improvident, fraudulent, or that they resulted in unfair and unequal assessments against other properties.

The appellants challenge the legality of certain items of expense aggregating over $44,000, included by the jury of view in their report, which, it is alleged, do not

represent a part of the construction of the sewer. A number of these items were withdrawn or not pressed in the court below and therefore are not entitled to consideration in this court: *Lower Chichester Twp. v. Roberts et al.,* 308 Pa. 195, 162 A. 460. Those remaining represent estimated legal expense, $1500; salaries, secretary $2487, clerical $1610; bond issue costs $1262.24; township labor etc. $1526.94; Penna. R. R. inspection cost $135.61; Rights-of-Way expenditures $800.07; and interest $150.83, totaling $9473.19.

We cannot improve upon Judge FRONEFIELD'S clear discussion of these particular exceptions in the following language: "The remaining exceptions relate to various items of expense totaling $9,473.19. We find it unnecessary to consider these items individually or to pass upon the question as to whether or not they were proper items to be included in arriving at the aggregate cost of the sewer. The supplemental report shows that the total cost of the sewer was $303,766.40. Of this sum, $223,013.81 was furnished by the Works Progress Administration of the Federal Government and that the balance of $80,752.59 was furnished by the Township. If the Township were attempting to charge the property owners with the entire $80,752.59, then it would be necessary to examine each of the items included in the aggregate cost. However, under the authority of Section 1924 of the Act of June 24, 1931, P. L. 1206, which provides 'The damages may be paid in whole or in part by the township or may be assessed in whole or in part upon the property benefited,' only $47,007.46 of this amount was used as the basis for the assessment of the properties abutting on the sewer and the balance was charged to the general township funds. [The viewers fixed the assessment in each instance at 39.986% of the benefit actually derived.] Therefore, even if all of the items complained of, to-wit $9,473.19, were eliminated, the township would still have the right to charge $47,007.46 against the property

owners, so that, even if we should find that any or all of said items were improper, the exceptants would not be harmed thereby."

We may add, however, that the Township Code of 1931, supra, §2424, 53 PS §19092-2425, like the previous Act of 1917, as amended by the Act of 1923 (*Twp. of Lower Chichester v. Roberts et al.*, 104 Pa. Superior Ct. 458, 468, 159 A. 222, reversed on a procedural point in 308 Pa. 195, 162 A. 460, supra), provides that *"costs, damages,* and *expenses of the construction* of any such sewers" may be assessed against the properties benefited. An examination of the record fails to disclose that the expenditures to which objections were filed were not necessary or directly incident to the main project. We are not convinced, therefore, that such items were improperly included under the total costs of construction. The report of the viewers on the questions of fact, approved by the court, should not be disturbed except for clear error: *West Liberty Avenue Sewer*, 54 Pa. Superior Ct. 242, 248.

The decree and order of the court below are affirmed at appellants' costs.