## Bishoff, Appellant, v. Fehl et al.

540

Argued October 2, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Kenneth G. Jackson*, with him *J. Roland Johnston* and *Thorp, Bostwick, Reed & Armstrong*, for appellant.

*John A. Metz*, with him *Bernard Goodman* and *John A. Metz, Jr.*, for appellee.

OPINION BY MR. JUSTICE PARKER, November 23, 1942:
This appeal, which is from an order striking off the plaintiff's second supplemental amendment to statement of claim, amended reply to counterclaim and plaintiff's accounts, must be quashed. The order complained of did not finally dispose of the action. (*Com. ex rel. v. Wherry*, 302 Pa. 134, 152 A. 846) and no judgment has been entered: *Leibfried v. Horn*, 294 Pa. 137, 143 A. 786; *Smith v. Phila. & R. Ry.*, 286 Pa. 55, 132 A. 804; *McClelland v. West Penn Apl. Co.*, 132 Pa. Superior Ct. 471, 1 A. 2d 491.

It seems advisable, in order that a mistrial may be avoided, to refer to the one question of law which was made the basis of the conclusion reached by the court below as we deem the question to have been incorrectly decided. On October 26, 1933, the defendants John W. Fehl and Frank Apfel, gave the First National Bank of Braddock their promissory note for $20,118.13, payable on demand. At or before the delivery of the note the plaintiff, F. G. Bishoff, at the special request of defendants and for their accommodation guaranteed in writing, indorsed on the back of the note, the payment thereof.[1] Defendants failed to pay the note after demand, whereupon the bank, the holder, demanded payment of the plaintiff who lifted the note on October 31, 1936, and complied with his guaranty. The plaintiff now claims reimbursement in this suit on the basis of an implied promise by the makers of the note that if he was compelled to fulfill his guaranty they would reimburse him.

The court below held that the plaintiff's claim for reimbursement was barred by the statute of limitations since the second supplemental amendment to statement of claim, which set up a new cause of action, was not filed until March 4, 1942, more than six years after the note was due and although the note was paid by the plaintiff within six years before that date and while it was yet a valid obligation on the part of defendants. That conclusion was predicated on the erroneous assumption that the rights of a surety on a note differ "from his rights in other cases", for the reason that since he could sue on the note an implied promise on the part of the principal to reimburse a surety on a note did not exist. We do not

---

[1] "F G Bishoff For value received, the undersigned hereby guarantees the prompt and punctual payment of this note to the holder thereof when and as the same becomes due and payable by the terms thereof, thereby waiving demand, presentment, notice of non-payment, protest and notice of protest, and the time of payment may be extended from time to time without affecting my liability. F G Bishoff".

understand this to be the law in this jurisdiction, in most other jurisdictions or as stated in the text books.

It is conceded, and properly so, that Bishoff was a surety for defendants: Act of July 24, 1913, P. L. 971, §1 (8 PS 1); *Bloomfield Trust Co. v. Trojanowski,* 298 Pa. 61, 63, 147 A. 847; *Miners State Bank v. Auksztokalnis,* 283 Pa. 18, 26, 128 A. 726. The Act of 1913 by its terms covers "every written agreement" and it not only subjects Bishoff to the liabilities of suretyship but confers "upon him the rights incident thereto". It is plain that the act applies to a promise to answer for the default of a maker promissory note. It follows that Bishop had all the rights of a surety.

It is the settled law that "when a contract of surety is made, there arises, in the absence of an express agreement, an implied contract that the principal will indemnify the surety for any payment the latter may make to the creditor in compliance with the contract of suretyship": 50 C. J. p. 255; 21 R. C. L. p. 1097.

On payment of the note and not until then the surety is entitled to maintain the common law action of indebitatus assumpsit; 21 R. C. L. 1097. As expressed in Brannan's Negotiable Instruments Law, 4th Ed., p. 292: "The payee accommodation indorser of a note may buy the note of the holder and sue the maker thereon. Also, if he has been forced to pay the note, he has a right of action against the maker on an implied contract of indemnity, and may sue thereon within six years after the payment, although an action on the note may be barred, because more than six years have elapsed since its maturity."

Such is the law in this jurisdiction. In *Hill v. Voorhies,* 22 Pa. 68, a promissory note was involved and the action was by a surety on the implied promise. It was there said: (p. 73) "As the action upon such an instrument may be brought against all the partners, a surety who, as such, pays the money on it, is entitled to the usual remedies of sureties against all. He may be subrogated to

the remedy on the contract, or he may have his action for money paid for the use of the partnership, and the promissory note so taken and signed by the ostensible partners and their surety is competent evidence." The doctrine of implied contract in favor of a surety is firmly fixed in our system of jurisprudence. In a long line of cases this court has recognized the above stated principles as applied to the implied promise of a vendee of land to reimburse the vendor of land sold under and subject to a mortgagor judgment: See *Faulkner v. McHenry*, 235 Pa. 298, 83 A. 827, and cases there cited.

The right of action by the surety upon the implied promise does not arise until the principal has defaulted and the surety has been compelled to pay and not until then does the statute of limitations begin to run. In a recent case, *Heaney v. Riddle*, 343 Pa. 453, 459, 23 A. 2d 456, speaking through Mr. Justice STERN, we said: "Plaintiff's claim is not barred by the statute of limitations. He had no cause of action and could not maintain a suit until he sustained an actual loss by being obliged to pay the mortgage debt. Such payment was made in 1940, and then only would the statute begin to run in favor of The Riddle Company and its liquidating trustees."

Since the plaintiff could only sue on the implied promise after he had made payment of the note in October, 1936, the statute of limitations had not run when the last amended statement of claim was filed on March 4, 1942. The rule which we have stated is the rule in other jurisdictions. See *Thayer v. Daniels*, 110 Mass. 345; *Blanchard v. Blanchard*, 201 N. Y. 134, 94 N. E. 630; *Zuellig v. Hemerlie*, 600 Ohio St. 27, 53 N. E. 447.

Anything that was decided by or said in the case of *Kennedy v. Carpenter*, 2 Wharton 344, that is contrary to our present conclusions has long since been overruled.

Appeal quashed.