## Nether Providence Township *v.* Young (et al., Appellants).

Argued December 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Howard M. Lutz*, with him *Lutz, Reeser & Fronefield* and *Arthur L. Reeser*, for appellants.

*J. H. Ward Hinkson*, for appellee.

OPINION BY RHODES, J., March 14, 1946:

This case arose out of the issuance of a writ of scire facias sur municipal lien by the Township of Nether Providence, Delaware County. Defendants, who are the property owners in the appeal to this court, filed an answer containing new matter. The township replied. Defendants' motion for judgment in their favor on the whole record was dismissed in an opinion by SWENEY, J. The matter came on for trial before MACDADE, P. J., and the trial judge directed the jury to find a verdict for plaintiff. Defendants' motion for judgment n. o. v. was likewise dismissed, and judgment was entered on the verdict. Harvey M. Barnett and Mary U. Barnett, his wife, have appealed, it having been stipulated that the disposition of their case shall control and determine the actions against the other named defendants.

Appellants have assigned as error the dismissal of their motion for judgment on the whole record, the dismissal of their motion for judgment n. o. v., and the entry of judgment in favor of plaintiff.

On April 8, 1937, plaintiff, the Township of Nether Providence, by its township commissioners, passed an

ordinance (No. 183) providing for the construction of a sewer system in cooperation with the Works Progress Administration. On April 29, 1937, ordinance No. 184 was enacted designating a portion of the said sewer system as sewer district No. 4, and providing that the cost of this "shall be assessed upon the properties accommodated or benefited in proportion to benefits as provided by law." The construction of the sewers began about June, 1937, and the system was completed about December, 1938. The Court of Common Pleas of Delaware County, on December 23, 1938, appointed a jury of view to assess the benefits upon the properties accommodated or benefited by the sewer in sewer district No. 4. The jury filed its first report on March 20, 1940. Certain property owners not here involved filed exceptions to the report; some of the exceptions were dismissed by the court below and some were sustained. The report was thereupon returned to the viewers for further findings in regard to the exceptions that were sustained. One of the exceptions sustained was that the viewers failed to consider four properties abutting on the sewer and had made no assessment against them. We think it is obvious that this exception affected the entire report of the viewers; if the viewers erred in not assessing these four properties the assessments against all the other properties would be correspondingly changed. See section 1937 of Act of June 24, 1931, P. L. 1206, 53 PS § 19092—1937. An appeal was taken to this court from the decree of the court below dismissing certain exceptions to the report of the viewers (*Nether Providence Township Sewer District Assessment Case,* 143 Pa. Superior Ct. 286, 18 A. 2d 128). The court below had entered no decree of confirmation of the report of the viewers, but returned it to the viewers for further findings of fact upon those exceptions that were sustained. We affirmed the action of the court below. That appeal was taken July 19, 1940, argued November 21, 1940, and our opinion was filed January 30, 1941.

On October 7, 1940, pending disposition of the appeal by this court the viewers filed their supplemental report, to which exceptions were again filed. The supplemental report set forth the reasons for not assessing the four properties which had been omitted in the original report. On March 14, 1941, the court below dismissed the exceptions to the supplemental report and entered a decree of confirmation. An appeal was taken to this court. On February 28, 1942, we affirmed the action of the court below in dismissing the exceptions to the supplemental report and in confirming the same absolutely *(Nether Providence Township Sewer District Assessment Case,* 148 Pa. Superior Ct. 7, 24 A. 2d 678). Pending the disposition of this second appeal, on May 14, 1941, a written stipulation was entered into whereby the issue in appeals to court of common pleas from the assessments made against their respective properties was limited and restricted to the amount of benefits, if any, which accrued to each property by reason of the construction of the sewer abutting such property.

The status of the record as it stood at the time of the disposition of the second appeal to this court is clear. The original report of the viewers had been filed and exceptions had been taken thereto. Some of the exceptions had been dismissed by the court below while others which affected the entire report had been sustained and the report returned to the viewers. See section 1935 of Act of June 24, 1931, P. L. 1206, 53 PS § 19092—1935. On appeal we affirmed the court below. That court had not confirmed the original report of the viewers which contained the respective assessments. We likewise did not confirm the original report as confirmation was not before us; we affirmed the action of the court below which related to exceptions either dismissed or sustained. Meanwhile, the viewers filed their supplemental report, which the court below confirmed after dismissing exceptions thereto. On appeal we affirmed the order dismissing the exceptions and the decree of confirmation. At this point the original report

of viewers had not been confirmed by the court below or by this court; the supplemental report had been confirmed by the court below, and its decree of confirmation was affirmed by this court. When the second appeal involving the supplemental report was taken to this court, there was pending in the court below the appeals from the report of the viewers as to the assessments made against certain properties.

On March 6, 1942, plaintiff filed a petition in the court below in which it was averred that the original report of the viewers had never been confirmed, and asked that a decree of confirmation be made. On the same day the court below confirmed the original report of the viewers except as to the assessments therein made by the viewers against the properties from which appeals had been taken, and concerning which a stipulation was made on May 14, 1941, restricting the scope of those appeals. The stipulation was subsequently filed.

Appellants now contend, and this is the only point seriously argued by them in the court below and in this court, that the lien in question was filed too late. The law clearly requires that the lien, in order to be effective, must have been filed within six months after confirmation of the original report of the viewers, which contained all the assessments levied on the properties benefited. Appellants state the matter presented for determination on this appeal as follows: "The question which this appeal asks this Court to determine is, stated broadly, when was the Jury of View Report confirmed? Upon the answer to that question will determine the question as to whether or not this lien was filed within the time allowed by statute." See sections 9 and 15 of the Act of May 16, 1923, P. L. 207, as amended, 53 PS §§ 2029, 2035.

Appellants' argument that the First Class Township Code, Act of June 24, 1931, P. L. 1206, 53 PS § 19092—1901 et seq., sustains their position as to the time of filing lien in this case is not convincing. The code provides a complete system for the ascertainment and as-

sessment of damages and benefits in viewer proceedings. Appellants rely principally on section 1942 of the code, 53 PS § 19092—1942, which reads as follows: "If, on any appeal, the action of the court below is affirmed, the date of the decree of judgment of the appellate court shall be taken as the day on which the report was finally confirmed." Appellants' contention is that when we affirmed the decree of confirmation of the supplemental report *(Nether Providence Township Sewer District Assessment Case,* supra, 148 Pa. Superior Ct. 7, 24 A. 2d 678), we thereby confirmed the original report; that therefore the six months' period for the filing of the lien must be calculated from February 28, 1942, rather than March 6, 1942, date of confirmation of the original report by the court below. If appellants' theory is correct the lien (September 1, 1942) under consideration would have been filed too late.

We think appellants' assertion that section 1942 of the code, 53 PS § 19092—1942, is determinative of the entire case ignores the preceding sections of the code, and especially section 1938, 53 PS § 19092—1938, which reads: "Within three months after the confirmation of any report, following the filing of exceptions thereto, any party interested may appeal from the decree of the court below to the Superior or Supreme Court, as the case may be." Section 1942, 53 PS § 19092—1942, presupposes a confirmation of a report, following the filing of exceptions thereto, from which an appeal has been taken. Upon affirmance of the action of the court below that date would be considered the day on which the report was finally confirmed, and the statutory period for filing liens would very properly run from that date. If that were not true, the six month period from the date of confirmation by the court below might expire before final determination of the issues involved by the appellate court. The amounts of the benefits to be assessed are not ascertained until after the confirmation of the report of viewers, and until the same is confirmed absolutely there is no definite amount fixed. In re *Grading,*

*Paving and Curbing Evergreen Road, etc., City of Pittsburgh*, 114 Pa. Superior Ct. 499, 501, 174 A. 804. Until confirmation by the court below on March 6, 1942, there was no confirmation of the original report of the viewers. Thereafter it was only necessary for plaintiff to show that there had been an absolute confirmation of the viewers' report, and that a lien had been subsequently filed in proper form and within the proper time. *Borough of East McKeesport v. Thomas Park Heirs et al.*, 81 Pa. Superior Ct. 604, 607.

It is to be noted that when the appeal was taken to this court from the order of the court below dismissing exceptions to the supplemental report and the decree confirming the same, the appeals from the assessments in the original report were still pending in the court below. It may be that they did not affect the whole report, but there was no confirmation of the original report by the court below until by stipulation the scope of those appeals was restricted. The original, not the supplemental, report contained all the basic assessments. It follows that until confirmation of the original report by the court below on March 6, 1942, there were no assessments upon which plaintiff was at liberty to proceed. The supplemental report confirmed by the court below, and the subject of appeal *(Nether Providence Township Sewer District Assessment Case,* supra, 148 Pa. Superior Ct. 7, 24 A. 2d 678), merely explained why certain properties had not been assessed in the original report, itemized the costs plaintiff had incurred in that matter, and listed before and after values of each property against which benefits had been charged in the original report.

Appellants refer to section 1950 of the code, 53 PS § 19092—1950. This section gives a township the right to file a lien pending an appeal from an assessment made by any report of viewers. But a township may wait until an appellate court has affirmed a decree of confirmation of the lower court, having six months from

that date to file its lien, or it may, if it so desires, file its lien upon the decree of confirmation by the court below, that court making such order as to the lien filed as shall appear right and proper upon the final termination of the issue.

We are of the opinion that there was no decree of confirmation of the original report until March 6, 1942. The prior appeals to this court did not comprehend the affirmance of any confirmation of the original report of the viewers, as there had been no such confirmation in the court below.[1]

Appellants' further complaint is to the sufficiency of the description in the lien. It is admitted that appellants were the owners of parcels of real estate in the Township of Nether Providence; and there was no denial in the affidavit of defense that they did in fact own the property situate at the locations indicated and described in the lien. The parcels might have been more accurately described by metes and bounds, but we cannot say now as a matter of law that the description was too vague and indefinite to support the lien. At the trial in the court below plaintiff's objections to testimony offered by appellants as to insufficiency were sustained. Appellants have not asked for a new trial and the rejection of such testimony has not been assigned as error. If the rulings of the trial judge were improper in this respect, they should have been assigned as error on motion for new trial. They are not before us on this appeal.

Judgment is affirmed.

---

[1] Compare failure to enter judgment: *McClelland v. West Penn Appliance Co.*, 132 Pa. Superior Ct. 471, 1 A. 2d 491; *Smith v. Philadelphia & Reading Ry.*, 286 Pa. 55, 132 A. 804; *Watkins v. Neff et al.*, 287 Pa. 202, 134 A. 625; *Leibfried et al. v. Horn*, 294 Pa. 137, 143 A. 786; *Lamberton National Bank of Franklin v. Shakespeare et al.*, 321 Pa. 449, 184 A. 669; *Bishoff v. Fehl et al.*, 345 Pa. 539, 29 A. 2d 58.