## Emmel, Appellant, *v.* Munhall Borough.

562

Argued November 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*James A. Wright,* for appellants.

*John B. McAdoo,* for appellee.

OPINION BY GUNTHER, J., January 19, 1954:

The plaintiffs, owners of certain lots in the Borough of Munhall, joined in a petition to appeal from the Board of Viewers to the Court of Common Pleas demanding a trial by jury on the grounds that the assessments of benefits were excessive.

The Borough in its answer denied that the property owners are entitled to appeal and trial by jury basing its position on an agreement dated March 27, 1950, between A. M. Rearick, a prior owner, and the Borough of Munhall, which reads as follows: "NOW THIS AGREEMENT WITNESSETH that the parties of the first part hereby waive any and all claims for damages against the party of the second part, which they now have or might hereafter have by reason of the grades for sanitary sewers and street profile elevations as submitted to and adopted by Council and as more fully set forth in this Agreement. The waiver of damages to extend to their successors, heirs and assigns in title of the parties of the first part."

A petition to amend was then filed which set forth that A. M. Rearick, one of the plaintiffs, is in the business of developing lot plans, that each of the parties plaintiffs purchased a lot and house constructed by him free and clear of all liens and encumbrances, that the Borough of Munhall on January 18, 1952, and prior to the sale of each of the said properties passed an ordinance providing for the construction of a public sanitary sewer and for the assessment of special benefits against abutting owners. Upon petition to strike off appeal and answer thereto the lower court dismissed the plaintiff's appeal and confirmed the viewers' report absolutely. From that order we have the present appeal.

The Borough of Munhall originally filed the petition for the appointment of viewers asking that benefits be assessed against the property owners in the manner and subject to the provisions contained in the Act of July 10, 1947, P. L. 1621, §43, 53 PS §§13486 and 13487. On January 16, 1953, the viewers after ascertaining the costs, damages and expenses assessed benefits against 163 properties including the properties of

the plaintiffs. The schedule of the viewers shows that the lowest benefit assessment is $270.84 and the highest $474.81.

Section 43 of the Act provides as follows: "Within thirty days after any report of viewers is filed in court of common pleas, any party whose land or property is taken, injured, or destroyed, or against whom benefits are assessed, may appeal to the court of common pleas and demand a trial by jury. Several parties may unite in a single appeal, and where the grounds of appeal are similar the court may hear such appeals as one proceeding; but each party shall, in any event, be entitled to demand a separate trial by jury. Where an appeal is so taken as a portion of the report, the portion not appealed from shall be confirmed absolutely, at the expiration of thirty days after the report is filed in court. As amended 1947, July 10, P. L. 1621, §43." The plaintiffs contend that their right of appeal is based upon the above statutory law. This section of the Act, they argue, not only authorizes the appointment of viewers, but also clearly provides for an appeal to the Court of Common Pleas from the viewers' report.

The viewers were appointed and the benefits were assessed in accordance with the Act. Does the agreement between the Borough and the Rearicks, however, waive the right of appeal? Should the lower court hold as a matter of law that the right of appeal conferred by the statute was waived by an agreement which contains no express words of waiver of appeal but only a waiver of damages? Is the waiver of damages and the waiver of the right of appeal under the Act one and the same? We do not think so. Nowhere in the agreement is the waiver of the right of appeal mentioned. The issue in the appeal from the viewers' report is the excessiveness of the assessments as deter-

mined in value of the property before and after the improvement. *Lower Chichester Township v. Roberts,* 308 Pa. 195, 162 A. 460. The waiver of damages does not also imply a waiver of the right of appeal to the court from assessment of benefits to be paid by the owners. The lower court adopted the theory that in light of the agreement, the viewers were not appointed to act in their official capacity, but as informal and final arbitrators nullifying the right of appeal. We further agree with the appellants that had the parties intended to consider the action of the viewers as final, they should have expressly stated so in the agreement. Had the agreement intended no review by the court, the assessment should have been made by proceeding under Act of July 10, 1947, P. L. 1621, §64, 53 PS §14251, which does not provide for an appeal. Inasmuch as the Borough invoked §43 of the Act for the appointment of viewers, it became subject to all its provisions including the phase which provides for the appeal. The defendant cannot accept and use one phase of the section of the act in its procedure and contend that another related part of the section does not apply.

The Statute which the Borough invoked does not provide that the viewers assessment of benefits be final but carries further statutory procedure for appeal. It does, however, provide that where an appeal is taken as to a portion of the viewers' report, the portion not appealed from, shall be confirmed absolutely at the expiration of thirty days after the report is filed in court. It therefore naturally follows that the portion appealed cannot be confirmed. *In Re: Grading, Paving and Curbing Evergreen Road etc., City of Pittsburgh,* 114 Pa. Superior Ct. 499 at 501, 174 A. 804. *Nether Providence Township v. Young,* 158 Pa. Superior Ct. 625 at 630, 45 A. 2d 915.

The agreement from our examination does not provide for the designation of the viewers as unofficial arbitrators and the court cannot write into the agreement a provision which would create a forfeiture of the plaintiffs' right of appeal.

The plaintiffs are rightfully seeking to submit their case to a court and jury as provided by the procedure initiated by the defendant. This right of review cannot be denied by an interpretation that an agreement to waive damages is also. an agreement to waive the right of appeal from the viewers' assessment. In the absence of a clearly expressed agreement or words from which a waiver can be implied, the right of appeal cannot be denied.

The order of the court below is reversed.

RHODES, P. J., and WOODSIDE, J., dissent.