## Robert E. Lamb, Inc. v. Delaware Pipe Fabricators, Inc.

*Joseph H. Stanziani,* for plaintiff.

*William B. Koch,* for defendant.

HONEYMAN, J., March 28, 1967. — This matter comes before the court en banc as a result of motions by defendant for judgments on the pleadings in both the above captioned actions, one in trespass and one in assumpsit, with both causes of action arising from the same set of facts and circumstances. The sole contention of defendant is that the claims by plaintiff are barred by applicable statutes of limitations.

Plaintiff commenced both actions on September 28, 1964, to recover damages which were sustained as a result of leakage of oil from a storage tank which defendant had completed installing on July 1, 1958 (as alleged by plaintiff but disputed by defendant as to date of completion), pursuant to a contract which plaintiff dated November 2, 1956. After discovering the leak on November 7, 1958 (as alleged by plaintiff but disputed by defendant), plaintiff commenced an action in assumpsit and an action in trespass against defendant, alleging in the trespass action that defendant had negligently installed the tank and alleging in the assumpsit action that defendant was obligated to indemnify plaintiff under the contract between plaintiff and defendant for the sums paid by plaintiff to the Alan Wood Steel Company.

It is defendant's position that the contract here in-

volved was a contract of sale and, as such, was governed by the four year statute of limitations of the Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-725, as amended, 12A PS §2-725. The contract provides that defendant will: "Furnish labor, material, equipment, supervision, etc. to provide and install all work . . . ." The Superior Court, in York Heating and Ventilating Company v. Flannery, 87 Pa. Superior Ct. 19 (1926), in considering a similar contract, stated at pages 23-24:

". . . The contract in suit was in no sense a contract of sale. It was a construction contract. The transfer of property in the fan, motor, pipe coil heater, air washer, reheater coils, condensation system, duct system and steam piping was but incidental to the main purpose which was the furnishing of labor and the assembly of material in the erection and construction of a heating system. It would be just as proper to call a contract for the construction of a building a sale of the stone, brick, cement, wood, etc., which entered into the erection of the building. . . ."

Although this case was construing the Sales Act of May 19, 1915, P. L. 543, we feel that it is authority under the code, since the basic problem is the same under both acts. Therefore, the six year statute of limitations, Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31, applies in both of these actions.

Defendant further contends that even the six year statute of limitations has expired, barring plaintiff from pursuing its claims. In order to determine whether or not this contention is correct, we must determine when the six year period began to run. The contract under consideration contains an indemnity clause, and the cause of action in assumpsit would not accrue under that clause until the promisee sustained a loss: Ashley v. Lehigh & Wilkes-Barre Coal Company, 232 Pa. 425 (1911); see generally, Bishoff v.

Fehl, 345 Pa. 539 (1942). Also, it is stated in Masi v. Pfahles, 23 D. & C. 2d 46 (1960), that the statutory period begins to run when the breach or negligence could reasonably have been discovered. Here, there was no way of telling just when the tank cracked, but the leak was discovered four months after the tank was installed. Perhaps defendant can show that plaintiff could reasonably have known of the defect at an earlier time. This, however, is a fact question that could only be resolved at trial and cannot be considered for purposes of these motions. If the causes of action arose on November 7, 1958, as plaintiff contends, then its actions were timely filed.

ORDER

And now, March 28, 1967, after oral argument before the court en banc and upon consideration of briefs filed, defendant's motions for judgments on the pleadings in both actions are refused.