In re Alice A. BIALON, t/d/b/a The Butterchurn, Debtor.

WESTMORELAND MALL, INC. and Equitable Life Assurance Society of the United States, Movants,

v.

Alice A. BIALON, t/d/b/a the Butterchurn, Debtor and Robert H. Sloan, Trustee, Respondents.

Bankruptcy No. 86–0507.

Motion Nos. 86–2480 to 86–2482.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 3, 1986.

Joel M. Helmrich, Tucker Arensberg, P.C. Pittsburgh, Pa., for movants.

David B. Salzman, Campbell & Levine, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before this Court is a Motion For Relief From Automatic Stay, Objection To Claim Of Exemptions, and Motion To Withhold Granting Of Discharge brought by Movants, Equitable Life Assurance Society Of America (hereinafter "Equitable Life") and Westmoreland Mall, Inc. The Movants contend they hold a joint claim against Alice A. Bialon (hereinafter "Debtor") and Franklin C. Bialon, her husband, by virtue

of a Lease Agreement executed by the Debtor and a document titled "Individual Guaranty" executed by her husband.

Equitable Life seeks to satisfy said claim from entireties property which the Debtor elected to exempt in her Chapter 7 petition pursuant to Pennsylvania law. The Debtor maintains the Movants do not hold a joint claim against entireties property, and therefore, the property is immune from process initiated by a creditor of the Debtor only.

The issue before the Court is whether the Movants hold a joint claim against the Debtor and her husband, which then subjects the entireties property to process under Pennsylvania law. If a joint claim exists, a prohibition arises against said entireties property being claimed as exempt pursuant to § 522(b)(2)(B) of the Bankruptcy Code.

Based on the following analysis, we find that the Movants hold a joint claim allowing them to pursue the entireties property of the Debtor and her husband. Furthermore, as the property is not immune from process under the nonbankruptcy law, it cannot be claimed as exempt under § 522(b)(2)(B).

We hold that the Movants are entitled to relief from the automatic stay to pursue their joint claim against the Debtor and her husband.

## FACTS

On June 22, 1983, the Debtor entered into a Lease Agreement ("Lease") with Westmoreland Mall, Inc. for rental of a store located in the Westmoreland Mall. The Lease was for a term of five (5) years, commencing October 1, 1983, under which the Debtor was to pay Westmoreland Mall, Inc. or its successors, $26,725.00 annually, in monthly installments of $2,227.00.

The Debtor's husband executed a document which provided that in the event the Debtor (wife) failed to make appropriate payments pursuant to the Lease within the first two (2) years of its term, he would be liable to make said payments for the first

two (2) years of its term, he would be liable to make said payments for the full five (5) year lease term. If a default occurred after the first two years, said husband would not be responsible for any payment. Under section 19.01(a) of the Lease, the failure to pay any sum due within five (5) days of notice of default constituted an "event of default".

The Debtor defaulted in February, 1985, during the effective two-year period, activating the terms of the "Individual Guaranty", and continued in default thereafter.

Subsequently, she received a letter dated November 8, 1985, advising her that Westmoreland Mall, Inc. had transferred its interest in Westmoreland Mall, and had assigned her Lease to Westmoreland Mall Associates, an affiliate of Equitable Life. Westmoreland Mall, Inc. claims the Debtor and her husband are jointly liable to it under the terms of the Lease and Guaranty, in the amount of $1,455.38 plus costs and interest for payments of rent from February 1, 1985 through August 31, 1985. Equitable Life claims the Debtor and her husband are jointly liable under the terms of the Lease and Guaranty in the amount of 36,928.14 pursuant to § 502(b)(6). This figure represents one year's rent from January 1, 1986, in the amount of $26,725.00, and unpaid rent in the amount of $10,-203.14, for the period of September 1, 1985 through December 1, 1985.

On March 3, 1986, Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code, wherein she elected to exempt all her entireties property pursuant to applicable Pennsylvania law. Equitable Life, as successor to Westmoreland Mall, Inc., and Westmoreland Mall, Inc. seek relief from the automatic stay to pursue the Debtor and her husband for payments and interest due and owing them by virtue of the Lease and Individual Guaranty, as more fully described above.

## ANALYSIS

■ A debtor may claim as exempt from the bankruptcy estate, entireties property pursuant to § 522(b)(2)(B), if that property is immune from process under applicable nonbankruptcy law. The question we must decide is whether the Debtor's entireties property in this instance is immune from process under Pennsylvania law.

■ A succinct statement of Pennsylvania law regarding this issue was presented in *Napotnik v. Equibank and Parkvale Savings and Loan Association*, 679 F.2d 316 (3d Cir.1982), wherein it was held that property owned as tenants by the entireties may be reached by creditors to satisfy the joint debts of a husband and wife; the interest of the debtor in property so held is not exempt from process under Pennsylvania law; and, the debtor's interest does not qualify for an exemption under § 522(b)(2)(B). Consequently, in the case at bar, if Movants hold a joint debt of the Debtor and her husband, the entireties property is not immune from process and should be available to satisfy the claim arising under the Lease and Guaranty.

The Debtor asserts no joint debt can be found because the obligations undertaken by her and her husband were separate and distinct, evidenced by the documents themselves. We, however, find no merit in this assertion. It is of no importance that the instrument Mr. Bialon executed was entitled "Individual Guaranty", for what in fact was created was not a guaranty, but a suretyship.

Although the specific characteristics of an obligation vary from case to case, several courts have discussed the technical differences between suretyship and guaranty. Generally speaking, a guaranty is a collateral and independent obligation creating only a secondary liability, whereas a suretyship creates primary liability on both the obligor and the principal. *See* 17 P.L.E. Guaranty § 2. Additionally, if the contract defines the time when the obligor is to assume liability on the debt, a suretyship is created; if however the obligation is not fixed as to commencement, it is a guaranty. See 35 P.L.E. Suretyship § 3; *First National Consumer Discount Company v. McCrossan*, 336 Pa.Super. 541, 486 A.2d

396 (1984); *Homewood People's Bank v. Hastings*, 263 Pa. 260, 106 A. 308 (1919).

This somewhat ambiguous distinction has been rectified by the Legislature's enactment of Public Law 971, codified at 8 P.S. § 1 (Purdon's) wherein it states:

### § 1. What constitutes contract of suretyship

Every written agreement hereafter made by one person to answer for the default of another shall subject such person to the liabilities of suretyship, and shall confer upon him the rights incident thereto, unless such agreement shall contain in substance the words: "This is not intended to be a contract of suretyship," or unless each portion of such agreement intended to modify the rights and liabilities of suretyship shall contain in substance the words: "This portion of the agreement is not intended to impose the liability of suretyship." 1913, July 24, P.L. 971, § 1.

*See also, Plummer v. Wilson*, 322 Pa. 118, 185 A. 311 (1936) (Defendant who executed a personal guaranty was a surety and thus primarily liable with his principal for a default under a lease); *Bishoff v. Fehl*, 345 Pa. 539, 29 A.2d 58 (1943); *In re Brock*, 312 Pa. 18, 166 A. 782 (1933).

In the case at bar, the instrument the Debtor's husband executed failed to contain a disclaimer indicating it was not intended to be a suretyship; therefore, he became primarily liable upon Debtor's default. By virtue of said Lease and Guaranty respectively, the Debtor and her husband were jointly, and upon default, primarily liable to the Movants.

Furthermore, the Lease and Guaranty created identical obligations as to the duration, contingencies, and amount, thereby producing one debt—payment of rent for a five (5) year term to the Lessor. Again, this debt was created when the Debtor and her husband agreed to share liability under the Lease if Debtor defaulted, which in fact, did occur.

This case is distinguishable from *A. Hupfel's Sons v. Getty*, 299 F. 939 (3rd Cir. 1924), cited in Debtor's brief for the proposition that a husband and wife only encumber entireties property by a "joint act". Although that case also involved a husband and wife, with one spouse agreeing to assume the other's indebtedness, the Court found no joint act because there were separate transactions and consideration for each obligation. The husband had given a bond and chattel mortgage based upon consideration of an existing indebtedness. The wife assumed her husband's indebtedness in order to obtain a liquor tax certificate and start her own business.

In the case at bar however, the consideration that the Debtor and her husband gave and received for executing the instruments, was identical. Each agreed to pay rental fees to the Lessor so that Debtor could operate a business from the leased premises in the Westmoreland Mall.

The instruments here, although physically separate, created a joint obligation and made Debtor and her husband, as surety, jointly and severally liable to the Movants. That is, when the Debtor defaulted, the Movants had the option of pursuing Debtor and her husband, or either party individually, for monies owed them under the Lease.

■ It becomes evident from the preceding discussion, that the Lease and Individual Guaranty created a joint debt of the Debtor and her husband owed to the Movants for rent and other fees under the Lease. As the debt is jointly owed, the entireties property is not exempt from process under Pennsylvania law. Accordingly, the property does not qualify for an exemption under § 522(b)(2)(B) and, may be reached by the creditor here to satisfy the joint debt of Debtor and her husband.

For these reasons, the Movants will be granted relief from the automatic stay to pursue their claims against Debtor and her husband.

An appropriate Order will be issued.