## Hugh Lafferty et ux., Appellants, *v.* A. A. Milligan.

*Covenants for title—Incumbrance—Lien.*

An incumbrance is any right or interest in land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance.   It is not necessarily a lien determinate in amount.

The curative act of May 16, 1891, P. L. 69, providing that certain improvements made under unconstitutional acts shall be valid, and that the city should be authorized to ascertain, levy, assess and collect damages for the same, creates an incumbrance within the meaning of a stipulation in an agreement to convey land " free and discharged from all liens and incumbrances."

A burden or incumbrance was imposed upon the land for the improvement, to be made a specific lien in amount as soon as the proceedings to ascertain the amount were completed.  In such a case it is immaterial that the exact amount of the burden on the land was not ascertained at the time of the sale.

Argued Oct. 31, 1894.   Appeal, No. 211, Oct. T., 1894, by plaintiffs, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1892, No. 153, on verdict for defendant on case stated.   Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Case stated in sci. fa. sur mortgage.   Before STOWE, P. J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry of judgment for defendant.

*W. B. Rodgers*, for appellants, cited: Wyoming St., 137 Pa. 494; Pittsburg's Petition, 138 Pa. 426; act of May 16, 1891, P. L. 69; Rawle on Covenants of Title, §§ 75, 89; 4 Kent, Com. 471; Barlow v. Bank, 63 N. Y. 399; West v. Asher, 38 Ind. 291.

*Lewis McMullen*, for appellee, cited: Donley v. Pittsburg, 147 Pa. 348; Steinhauer v. Witman, 1 S. & R. 438; Knepper v. Kurtz, 58 Pa. 484; Roland v. Miller, 3 W. & S. 390; Cross v. Noble, 67 Pa. 77; Shaffer v. Greer, 87 Pa. 370.

OPINION BY MR. JUSTICE DEAN, Jan. 7, 1895:

In pursuance of proper ordinances, the city of Pittsburg, on 21st November, 1887, awarded contracts for grading, paving and curbing Boggs avenue. The work was completed and accepted from the contractor August 14, 1889. On January 5, 1891, the act of assembly under which the work was done was declared unconstitutional. Then the legislature passed what is known as the "curative act," approved May 16, 1891, legalizing the grading and paving of streets, either previously completed, or on the way to completion. This act was pronounced constitutional February 1, 1892.

On December 31, 1891, Mary E. Lafferty, plaintiff, by articles, sold to A. A. Milligan a lot on western side of Boggs avenue, and fronting thereon 186 feet, for the consideration of $2,100; of this, $1,000 to be paid in cash on delivery of a general warranty deed, and balance, $1,100, to be paid in two years, the deferred payment to be secured by mortgage on the premises. The grantor stipulated to convey the lot free and discharged from all liens and incumbrances.

In pursuance of the contract, Mrs. Lafferty, joined by her husband, on the 8th of February, 1892, executed and delivered a deed with covenant of general warranty to Milligan who, on same day, paid the $1,000, and delivered the mortgage securing the $1,100.

Before this however, on July 8, 1891, under the provisions of the "curative act," the court of common pleas appointed viewers to assess upon property abutting upon Boggs avenue, the cost of curbing, grading and paving which had been done under the contract of 1887, as authorized by the unconstitutional act of

1887. The report of these viewers was submitted to and approved by the court, 27th of November, 1891. On appeal to this court, the decree was reversed and report set aside January 3, 1893. [Boggs Avenue, 152 Pa. 135.] On the record being remitted, it was, on February 18, 1893, referred back to the viewers, who again assessed the cost of the improvements, and made report to the court, December 6, 1893, which report was confirmed by final decree. By the report, there was assessed against this lot, $410.86; paving and curbing, $903.43; total $1,314.29. Sci. fa. being issued on the mortgage, Milligan makes defence, averring the assessment to be an incumbrance, against which the covenants in his conveyance protect him. The parties agreed upon a case stated, embodying the foregoing facts, for the judgment of the court as to whether, on the facts, there was an incumbrance at date of conveyance. The court thought the case was with Milligan the defendant, and entered judgment accordingly, and from that, plaintiff brings this appeal, and argues that, at the date of the conveyance, there was no incumbrance or lien for improvements on Boggs avenue.

The "curative act" was in force from and after 16th May, 1891; on December 31st, 1891, nearly seven months afterwards, this contract to convey was entered into, and it must be presumed the parties contracted in view of the law as it then stood. The act provides, whenever any city, by ordinance heretofore passed, has directed the improvement, and has instituted proceedings for the assessment of damages, and the act of assembly under which said improvement has been made, has been declared unconstitutional, whereby such assessments cannot be made as contemplated, "now, by this act such improvements are made valid and binding," and then proceeds to declare that such city is "hereby authorized to ascertain, levy, assess and collect such costs, damages and expenses," and then, in the following sections, prescribes the method of assessment and collection, the same as pursued in this case.

Thus the act recognizes and enforces a subsisting claim for the assessment of damages to be paid and benefits to be collected, because of the improvement already made; an equitable claim is made valid and binding; one which, without the act, is unassessable and therefore uncollectible. The act then declares when the court has made its final decree confirming said report,

fixing the amount of the assessments in each case, the sums thus ascertained as benefits " shall be a lien on the property assessed."

There was here no specific lien until the decree of the court confirming the report; but an incumbrance is not necessarily a lien determinate in amount. Mr. Rawle, on Covenants for Title, 94, says, incumbrance " was not one of the terms of the law, and no definition of it will be found in the older books." Within the present century an incumbrance has been defined to be " every right or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance." So an inchoate right of dower, which could become consummate only on the contingency of the survivorship of the wife, has been held to be an incumbrance, where the covenant was to convey free of all incumbrances. Yet this is a mere right, in a third person, which diminishes the value of the land. So, assuming here there was no specific lien on this lot, as to amount, until confirmation of the assessment by the court, there was by the statute, an incumbrance on all the lots on the street by reason of the improvement. The statute says : " Whenever any city . . . . has by ordinance authorized . . . . the grading, paving, macadamizing . . . . of any street . . . . and in pursuance of such ordinance . . . . work or labor has been done, or is being done . . . . and properties in the neighborhood of any such improvement, have been or will be when completed peculiarly benefited by the same, but owing to the act of assembly under which any such improvement has been made, being declared unconstitutional, are invalid . . . . now by this act such improvements are made valid and binding . . . . and any such city is hereby authorized to ascertain, levy, assess and collect, etc."

Proceedings to assess and collect only included work completed within two years preceding the date, 16th May, 1891; the work on this street was completed 14th August, 1889, within two years ; therefore a burden or incumbrance was imposed upon this lot for this improvement, to be made a specific lien in amount, as soon as the proceedings to ascertain the amount were completed. There was, clearly, a legal right or claim in a third person, the city, on this lot, to the diminution of its value,

from the 16th May, 1891. With this incumbrance before her, the plaintiff made her contract to convey, " discharged of all liens and incumbrances."

It is argued that if this be an incumbrance then the covenant, if broken at all, was broken as soon as the deed was executed; if the right of action existed, it was complete the moment the covenant was made; but there could have been no action at once, because then it could not be known whether defendant would be assessed with expenses.

This argument assumes, as a fact, that which is not proven and is directly contrary to the facts agreed upon, and the obvious inferences therefrom in the case stated; that is, that at the date of the conveyance there was no known incumbrance. The right of the city to assess the lot for the improvement already made, and to thereby diminish its value, was known; the exact weight of the burden it might impose was not precisely known; so far as concerned the city, that could only be determined by the statutory proceeding before the board of viewers. But that, when the proceeding was had, the event would be a lien for greater or less amount on this lot, was plain from its relation to the costly improvement. A mechanic who has expended his labor on a house, has his right to a lien for the value of the labor; the value, if there be no contract price, cannot be determined until the lien be filed, and then perhaps not definitely until judgment on scire facias; but if the lien be not filed until the last day of the six months, that fact does not affect the right, during the interval, to impose the burden; the incumbrance is there, indefinite as to amount, because of indefiniteness of opinion as to the value of the labor; but there is absolute certainty of opinion as to the labor having some value, for there stands the house, the product of the mechanic's labor. Here, the improvement of the street on which this lot fronted, had been completed; the event demonstrated that the burden imposed by the act of 1891 was a very heavy one; but whether, at the date of the deed, it appeared light or heavy, being on Boggs avenue, it was obvious it could not escape assessment, therefore there was upon it an incumbrance. If the case stated had embodied, as a fact, that at the date of the conveyance it could not be known whether this lot would be called upon to pay any assessment, the argument of

the learned counsel would probably have been forcible; but he agrees that this work had been completed; that, by a constitutional statute, the cost of it had been imposed upon the lot owners; that this lot's share of the cost had been judicially ascertained to be $1,314.29, under the contract for work in 1887. The inevitable inference from these facts is, that there was a known incumbrance at the date of the conveyance although afterwards made certain in amount. This gave an immediate right of action to the covenantee, and whether, in a suit on his covenant, his damage would have been measured by the report of viewers, or would have been heavy or only nominal by the judgment of a jury, it is not important here to inquire; for counsel for appellant has agreed in his case stated, that this judgment shall depend solely on whether the right to assess, at the date of the deed, was an incumbrance.

The judgment is affirmed.