# De Arment *v.* Kennedy.

*Covenants for life—Incumbrance—Lien.*

An incumbrance is any right or interest in land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance. It is not necessarily a lien determinate in amount.

The curative Act of May 16, 1891, P. L. 69, providing that certain improvements made under unconstitutional acts shall be valid, and that the city should be authorized to ascertain, levy, assess and collect damages for the same, creates an incumbrance within the meaning of a stipulation in an agreement to convey land "free and discharged from all liens and incumbrances."

Argued April 20, 1900. Appeal, No. 54, April T., 1900, by defendant, in suit of F. H. De Arment for use of T. S. Gamble against D. J. Kennedy, from judgment of C. P. No. 1, Allegheny Co., June T., 1899, No. 504, in favor of plaintiff on case stated. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Case stated. Before the court in banc.

The following facts appear from the case stated:

That on May 15, 1896, D. J. Kennedy, the defendant, entered into an agreement in writing with F. H. De Arment, above named, wherein the said Kennedy agreed to convey, free of all incumbrances, except a certain mortgage for $3,000 a certain piece of land in the nineteenth ward of the city of Pittsburg, as described in said agreement, to the said F. H. De Arment, and that subsequently, to wit: on June 6, 1896, the said lot was conveyed by deed of general warranty.

That on May 15, 1896, at the time of the execution of the agreement aforesaid, Collins avenue, in the city of Pittsburg, being the avenue upon which said lot fronts for a distance of thirty feet, was graded and paved under ordinance of the city of Pittsburg, and that the said improvement was then fully completed. That the said lot of ground was benefited by said improvement and was then liable to an assessment to pay the cost thereof so soon as a board of viewers should be appointed

to report thereon. That said board of viewers was not appointed and that no assessment was actually made until after the date of said agreement and deed of conveyance, but that the said board of viewers was appointed and an assessment was made upon said lot in the sum of $69.11 for grading, and $217.93 for paving and curbing. .

Plaintiff avers that the said assessment was an incumbrance upon the said lot at the time of the said agreement and conveyance, which the defendant, D. J. Kennedy, under the said agreement, was liable to pay and discharge. Defendant denies that it was such incumbrance and that he is liable to pay the same under said agreement. That if the defendant is liable under said agreement for the payment of the said assessment, he is indebted to the plaintiff herein in the sum of $287.04, with interest from August 8, 1898, and costs at Nos. 42 and 58, February term, 1899, M. L. D.

Judgment for plaintiff for $287.04. Defendant appealed.

*Error assigned* was entry of judgment for plaintiff.

*J. McF. Carpenter*, for appellant.—The language of the curative Act of May 16, 1891, P. L. 71, sec. 8, it is true, is somewhat similar to that used in the general act creating and regulating liens but does not bear the construction contended for by plaintiff's counsel, and falls far short of saying that the lien shall date from final decree.

Suppose that for the purpose of obtaining a street it is necessary to appropriate a man's land to an extent that the damages exceed the cost of improvement and the land is sold before these damages have been finally ascertained either by viewers or by a court and jury on appeal, there is no doubt that they belong to the purchaser, not to the seller: Meginnis et al. v. Nunamaker, 64 Pa. 374. Is it not then most unreasonable to hold in the face of the express words of the statute that the seller must pay the one and lose the other? If we consider the old law, the mischief and the remedy, we cannot doubt either the purpose or effect of the act under consideration. To affirm the lower court is to defeat the manifest intentions of the statute.

*R. H. Jackson*, for appellee, relied on Lafferty v. Milligan, 165 Pa. 534.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

By the terms of the case stated, it appears that at the time of the execution of the agreement of sale Collins avenue, in the city of Pittsburg (upon which the property sold abutted), was graded and paved, and that the improvement was then fully completed. It further appears that the lot of ground was benefited by said improvement and was then liable to assessment to pay the cost thereof so soon as a board of viewers should be appointed to report thereon. Upon these facts, we are of opinion that this case is ruled by Lafferty v. Milligan, 165 Pa. 534. No well founded distinction can be drawn to take it out of the application of principles there laid down. A burden or incumbrance was imposed upon the land for the improvement, to be made a specific lien in amount as soon as the proceedings to ascertain the amount were completed. Under the agreement of sale the defendant was liable.

The judgment is affirmed.