## Allegheny City *v.* King, Appellant.

*Sewers—When property is assessable.*

The assessability of property for a sewer must be determined as of the time when the work was done.

Where three days after the completion of a sewer the city confirms a plan made by the owner of abutting property by which a new roadway is located, the outer line of which is identical with the inner line of the street on which the sewer was laid, the location of the new street or roadway does not defeat the right of the city to assess the property for the construction of the sewer.

Submitted May 6, 1901. Appeal, No. 141, April T., 1901, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1899, No. 193, on verdict for plaintiff in case of Charlotte S. King v. City of Allegheny. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from jury of view. Before FRAZER, J.

At the trial it appeared that the city of Allegheny constructed a sewer off Perrysville avenue. Three days after the completion of the sewer Charlotte S. King, the owner of abutting property, had confirmed by the city councils a plan of lots made

by her which showed a new street or roadway twenty-five feet wide, the outer line of which ran along and was identical with the inner line of Perrysville avenue.    Mrs. King claimed that her property was not assessable for the sewer on Perrysville avenue inasmuch as it did not abut thereon.

Defendant presented the following points:

1. The property assessed, which fronts on a street marked Roadway in the city plan, is not liable to said assessment, as that street is upon a hill and lies between the property and Perrysville avenue.    *Answer:* Refused at the time of the beginning and completion of the sewer, the defendant's property abutted on Perrysville avenue, the roadway not having been acknowledged by the city, until after the final completion of the sewer.  [1]

4. The properties will all be liable for sewers hereafter laid by the city upon the roadway, alleys or streets abutting and laid out as shown on city plan, Exhibit 3, or as other streets may be laid out to or along the property by the city.    *Answer:* Refused.  [2]

Verdict and judgment for plaintiff for $617.79.   Defendant appealed.

*Errors assigned* were (12) above instructions, quoting them.

*M. A. Woodward,* for appellant.

*Charles P. Lang,* for appellee.

OPINION BY W D. PORTER, J., July 25, 1901:

The learned counsel representing appellant has in his argument candidly stated the real question involved in this case. The first point submitted by the defendant requested the learned judge of the court below to charge as follows: " The property assessed, which fronts on a street marked Roadway in the city plan, is not liable to city assessment, as the street is upon a hill and lies between the property and Perrysville avenue." This point was refused, the court adding this answer: " At the time of the beginning and completion of the sewer, the defendant's property abutted on Perrysville avenue, the roadway not having been acknowledged by the city until after the

final completion of the sewer." The ground of appellant's complaint as to this answer is stated by his counsel with commendable candor in the printed brief, in this language : " The answer of the court is, as we contend, bad as to its conclusion, but we admit it is literally correct as to its statements of fact." During the entire progress of the work and until after it was completed the property assessed abutted directly upon the line of the sewer in Perrysville avenue. Three days after the sewer was formally accepted by the city as completed, a plan, made by the defendant, subdividing the property into lots and locating streets thereon was duly approved by the councils of the city. Roadway street appeared upon this plan as located along the front of the property immediately adjoining Perrysville avenue. Along the side of Perrysville avenue, next to the property, there was a perpendicular retaining wall of considerable height, the property being above grade. Roadway street was located along and adjoining the top of this wall, the intention evidently being that when opened it should be at that grade, so that while the two streets occupied immediately adjoining lands, Roadway street would be more elevated than Perrysville avenue. There was no evidence whatever of the opening or use of Roadway street as a public highway, or of any fact from which a dedication of it to such use could be inferred, prior to the approval of the plan by the city subsequently to the completion of the public improvement for which the assessment in this case is sought to be collected. A jury has found, after a full and fair trial, that the property of the defendant was specially benefited by the improvement, and has assessed the benefits at an amount which is conceded not to be excessive, if the property was legally subject to assessment. The objection of the defendant goes to the jurisdiction to assess. Her property did abut upon the improvement at the time the work was completed and its total cost ascertained ; it was then liable to assessment. Did the subsequent action of the city, in approving the plan of lots locating Roadway street, relieve the property from the charge to which it was then legally liable ?

If the land of the defendant was liable to assessment, that liability arose from the performance of the work which resulted in a public improvement by which that land was benefited. The

land was not assessable unless it abutted upon the improvement, to pay for which contribution is demanded: Morewood Avenue, 159 Pa. 36; Park Avenue Sewers, 169 Pa. 437. The assessability of the property must be determined as of the time when the work was done. The city could not subsequently, by widening Perrysville avenue or vacating some existing highway running parallel thereto, bring within the limits of assessable territory property which was not subject to contribute at the time the improvement was made. At the time the work was done the property became subject to an incumbrance for its share of the cost, the amount to be ascertained as provided by law: Lafferty v. Milligan, 165 Pa. 534; DeArment v. Kennedy, 14 Pa. Superior Ct. 539. The facts here presented are identical with those passed upon by this court in Philadelphia v. Nock, 12 Pa. Superior Ct. 44. At the time the sewer, for which the assessment in that case was made, was constructed and completed Fifty-five and a half street was not upon the city plan, and the land over which the street subsequently ran was private property, but before the assessment was made it was dedicated by its owners to public use as a highway. We there held that the proceeding was to charge the tract as it abutted when the work was done and the benefits accrued; that the several lots were part of the whole tract which abutted, and, so far as the proceedings to assess benefits were concerned, they remained so. That case determines every question here involved. The damages resulting to private property from the execution of public works are to be estimated at the time the injury complained of is complete, which is the moment when the work is finished: Philadelphia Ball Club v. Philadelphia, 192 Pa. 632. The law authorizes an assessment for the payment of those damages upon property benefited, if such property be found, and no proper adjustment of these subjects of inquiry can be attained unless both questions be determined as of the same time. It is true that but a short period of time intervened between the completion of the improvement and the approval by the city of the plan of lots laid out by the defendant. But if an owner can defeat a public charge, legally enforceable against his lands, by at any time subdividing it into lots and locating streets, there can be no valid reason for making the exercise of that power dependent upon the period during which the in-

cumbrance has existed. The approval of the plan by the city located, but did not open, the street. It was an act of the municipality which had no connection with the then completed public improvement for which the lands were assessable. If by a future opening of Roadway street the lands of the defendant are cut off from this sewer, that result will follow as the consequence of her having so located the street. Had the city located the street, and then opened it without the consent of the defendant, she would have had the right to demand that the loss of access to the sewer, if she had lost such right, should be considered as an element in determining the question of whether she suffered damage from the opening of said street. In determining whether the lands of the defendant were assessable, the court below was called upon to consider the conditions which existed at the moment the cost of the work became a charge upon the property benefited: Chatham Street, 16 Pa. Superior Ct. 103. The learned judge arrived at a sound conclusion when he held that the location of a street did not relieve the land from liability to contribute to the cost of a public improvement for which it was at that time legally assessable.

The judgment is affirmed.