## Shoub et ux., Appellants, *v.* Dunbar.

*Real estate—Sales of real estate—Titles—Encumbrances.*

On a case stated to determine the validity of the title to land which plaintiffs had agreed to convey to defendant "free and clear of all liens and encumbrances" but which defendant refused to accept, where it appeared that owing to the vacation of a.part of the land for a public street benefits might be assessed against it, the court properly entered judgment for defendant.

. Argued Oct. 20, 1916.  Appeal, No. 176, Oct. T., 1916, by plaintiffs, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 1018, for defendant, on case stated, in case of John Shoub and Mary Shoub, his wife, v. Charles Dunbar.  Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Case stated to determine the marketability of the title to certain real estate.  Before BROWN, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendant on the case stated.  Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Charles W. Dahlinger,* for appellants.

*Lawrence W. Bigham,* for appellee.

PER CURIAM, January 15, 1917:

The agreement of appellants was to convey to appellee a lot of ground "free and clear of all liens and encumbrances."  Although Federal Lane has never been opened through the land owned by plaintiffs, it was none the less a public highway: Commonwealth v. McNaugher et al., 131 Pa. 55.  That portion of it was vacated by an ordinance of the City of Pittsburgh, passed June 16, 1910,

in pursuance of the Act of March 21, 1905, P. L. 46; but as yet the damages and benefits arising from said vacation have not been ascertained. As benefits may be assessed against the lot which appellants agreed to convey to appellee clear of "all liens and encumbrances," judgment was properly entered for the defendant on the case stated, and it is, therefore, affirmed.