In Re: Grading, Paving and Curbing Evergreen Road etc., City of Pittsburgh.

Argued May 1, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Ward Bonsall,* and with him *Elmer L. Kidney,* for appellants.

*James L. O'Toole, Jr.,* and with him *Charles A. Waldschmidt,* City Solicitor, and *Benjamin L. Steinberg,* Assistant City Solicitor, for appellee.

Opinion by Trexler, P. J., October 8, 1934:

By an ordinance of the City of Pittsburgh approved June 7, 1926, the grading, curbing and paving of Evergreen Road between certain points was directed, the cost, damages and expenses to be assessed and collected from the properties specially benefited thereby. The improvement was duly proceeded with and completed June 1, 1927. Nothing further was done until August 25, 1932, somewhat over five years later, when a petition was presented by the city for the appoint-

ment of viewers. They were appointed and proceeded with their duties and on December 9, 1932 filed their report, which was confirmed nisi on said date, and exceptions thereto were filed by Sanford Flocker and others, the appellants in this case, which were subsequently dismissed, and this present appeal followed.

The sole question is, whether the City of Pittsburgh is barred by laches from collecting the special benefits assessed against the properties, which abut upon the street which was improved. The argument, therefore, is within narrow limits. The assessment was made under the Act of May 16, 1891, P. L. 75 and supplements thereto, (PS 53, Sec. 391). That act makes no reference to the time in which a petition for the appointment of viewers shall be presented. The language employed is, "Any court of common pleas of the proper county, or any law judge thereof in vacation, on application thereto by petition by said municipal corporation *or any person interested,* shall appoint three discreet and disinterested freeholders as viewers." (Italics ours.)

The appellants argue that the right of the lien against the property extends only for six months after the work was done in front of the property, that within that period the claim must be reduced to a certain figure and a lien filed, otherwise it is entirely lost, and have presented an elaborate argument on this phase of the case. The answer to this, in short, is that the amount of the benefits to be assessed are not ascertained until after the confirmation of the report of the viewers. The appointment of viewers is a preliminary step required by law for apportioning the cost, and until the report of the viewers is confirmed absolutely, there is no definite amount fixed. By the Act of May 16, 1923, P. L. 207, Sec. 9 (53 PS 2029), the lien must be filed within six months after the improvement is completed, but that only applies

when the assessment is made by the municipality, but "where confirmation is required by the court," the lien must be filed in six months after such confirmation.

Laches is a plea to the equitable powers of the court. This must be particularly noticed that either party to the controversy had the right to ask for the appointment of viewers and which ever may apply, the costs of the proceedings would fall on the city. Section 4, Act of 1891, supra. The claim that the city has too long delayed to assert its rights should not be allowed when the other party was negligent. Both were equally remiss. As we have already observed, there is no limitation set forth in the act. Probably the reason there is none is the very fact that either party has the matter in hand and can proceed to have the extent of the liability ascertained. The property owner, if he desired to remove what may be called a cloud on his title, could do so by asking for the appointment of viewers and thus his liability could be definitely ascertained. The analogy sought to be drawn between the Act of Assembly (July 8, 1919, P. L. 787), in force when the improvement was made, which places a limitation of three years on actions of assumpsit for the recovery of municipal claims cannot be drawn, for it can have no application to the present question. If the Legislature had desired to put a limitation on the time in which application for viewers should have been made, it would have done so. The only plausible ground on which the appellants' argument can be based is laches and, as stated, we think in view of the privilege afforded in the act to any party interested to hasten the matter that cannot reasonably be invoked.

The order of the court affirming the report of the viewers finally is affirmed. The appellants to pay the costs.