Hall et al. *v.* McKees Rocks Borough, Appellant.

Argued April 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Paul J. O'Donovan,* for appellant.

*William J. Lappe,* with him *George F. Hall,* for appellees.

OPINION BY ARNOLD, J., July 19, 1946:

The School District of the Borough of McKees Rocks entered municipal tax liens against certain real estate upon which the appellees (trustees of a closed bank) held a prior mortgage. After notice to all parties interested the court ordered the sale on a levari facias free and divested of all liens and encumbrances.

There being no other bidders the property was sold for costs and a sheriff's deed was delivered to the school district, the borough and the county of Allegheny jointly as their interests appeared.

The liens of the taxes were thereby turned into equitable interests in the res: *Erie Appeal,* 159 Pa. Superior Ct. 18, 46 A. 2d 592.

Within the statutory period appellees petitioned the court to redeem and rules were issued but never disposed of.

Upon the appellees' request the attorney for the very writ upon which the sale and title were made to the three taxing municipalities, notified appellees that the amount required for redemption was $10,608.81, which sum the appellees paid the attorney. Of this fund the borough received $4722.20 without objection or complaint, and in exchange therefor joined with the county

and school district in the execution, acknowledgment and delivery of a quitclaim deed for the premises to the appellees.

The borough did not satisfy its various municipal tax claims connected with the levari facias on which the sale was made, and appellees petitioned the court to compel satisfaction, upon which a rule was issued, and the court ordered the various liens stricken off, and this appeal followed.

The only excuse of appellant borough is that there was a mistake in the calculation made by the attorney, who, it alleges, was not its agent (but it does not allege he was not its attorney), and that the borough made a mistake in accepting the $4722.20; and made a mistake in giving the quitclaim deed. It is argued that since there is only a right to redeem upon payment of *all* the taxes, the redemption was bad.

But the redemption is an accomplished fact. The appellant has not moved to vacate it, nor to cancel and avoid its deed. It has not offered to restore the status quo by tendering to the appellees the amount of $10,-608.81 paid. Nor has it offered to return even the sum of $4722.20 it admittedly received. Furthermore, appellant offers no reason why its action is not against either its own officers or the attorney in the writ, and shows no reason why, if there is not enough to pay all claims, the shortage was applied to the borough, (certainly not at appellees' instance) rather than to the county or the school district (neither of which complained). The borough does not offer any excuse for the palpable ratification of the acts of the attorney by its acceptance of the benefits and the delivery of the quitclaim deed.

At the least the appellant was bound to restore the status quo, certainly of the $4722.20 it received; and probably to restore the $10,608.81 which was paid by the appellees. It cannot keep the fruits and disavow its part of the transaction.

The municipal tax claims were liens which the quitclaim deed could release: *Taylor v. Allen,* 60 Pa. Su-

perior Ct. 503, 506, citing *Lafferty v. Milligan*, 165 Pa. 534, 30 A. 1030. Certainly the quitclaim deed effectively extinguished or transferred the borough's equitable interests in the land which were substituted for the lien.

By inadvertence the final order of the court struck off the liens, although the petition was to require satisfaction. The tax claims being proceedings in rem, satisfaction was a proper prayer,—contra if a personal judgment. The order is now modified by making absolute the petitioners' rule, and directing the borough of McKees Rocks to satisfy the municipal tax claims, series 5, docket 22, page 99, year 1930; series 6, docket 27, page 97, year 1931; series 6, docket 27, page 103, year 1932.

As thus modified the order is affirmed.