## Moore v. Beattie

740

*Weary, Hess & Humer*, for plaintiffs.
*Myers, Myers & Flower*, for defendants.

SHUGHART, P. J., October 31, 1955.—The above named defendants entered into a contract to sell to plaintiffs a certain dwelling situate in Springfield, Delaware County, on September 8, 1953. The contract of sale provided inter alia that "the premises are to be conveyed free of encumbrances and easements" except as noted in a certain title insurance policy. Settlement under the contract was made October 19, 1953, when defendants delivered possession to plaintiffs together with a general warranty deed.

Prior to the sale, the highway in front of the premises was repaved and recurbed by the municipal authorities, the cost of which was assessable against the abutting property owners. This work was commenced July 8, 1953, and was finished December 3, 1953. The certificate of completion of the work was issued on April 30, 1954.

After settlement was made for the property, plaintiffs received an assessment from the municipality for the repaving and recurbing in the amount of $1,412.61, which assessment has subsequently become a lien against the premises.

Plaintiffs have instituted this action against defendants, who are now residents of this county, for the

amount of the assessment, claiming that because of the assessment defendants did not convey the premises "free of encumbrances" as they had agreed to do.

Defendants have filed a preliminary objection to plaintiffs' complaint in the nature of a demurrer.

Defendants contend that, since there is no specific provision in the contract of sale regarding the assessment for repaving and recurbing, the responsibility for payment is fixed by section 1 of the Act of June 2, 1937, P. L. 1212, as amended, 53 PS §2029, which, speaking of assessments for municipal improvements, provides inter alia: "In case the real estate benefited by the improvement is sold before the municipal claim is filed, the date of completion in said certificate (of officer supervising the work) shall determine the liability for the payment of the claim as between buyer and seller, unless otherwise agreed upon. . . ." The certificate of completion was issued April 30, 1954, some six months after title had passed to plaintiffs.

Plaintiffs contend that despite the above language there was an encumbrance in existence, at the time of the execution of the contract, which defendants are bound to satisfy, under their agreement to convey "free of encumbrances".

It is argued that the statute referred to says nothing about a lien coming into existence upon the issuance of the certificate of completion, and that this date simply determines the person to whom the municipality will look for payment. Several cases have been cited to support this position.

The first of these is the case of Lafferty et ux. v. Milligan, 165 Pa. 534 (1895); in that case the work on the street was completed August 14, 1889; on January 5, 1891, the act of assembly under which the work was done was declared unconstitutional. A curative act, legalizing prior work, was passed May 16, 1891. The sale of the real estate in question was made

December 31, 1891. The deed was executed February 8, 1892. The court held that the seller was responsible for the improvements. That case differs materially from the instant case in two respects. First, the statute involved contained no language fixing the responsibility between the seller and buyer of real estate sold before the claim was filed, as does the Act of 1937. Secondly, in that case the work for which the claim was ultimately made had been completed almost two and one-half years before the sale of the property was made, therefore, even under the present act the seller would have been responsible.

The court said in that case at page 537: ". . . assuming here there was no specific lien on this lot, as to amount, until confirmation of the assessment by the court, there was by the statute, *an encumbrance on all the lots . . . by reason of the improvement.*" (Italics supplied.)

And again at page 538: "Here, the improvement of the street on which this lot fronted, *had* been completed, . . ." (Italics supplied.)

This same situation prevailed in De Arment v. Kennedy, 14 Pa. Superior Ct. 539 (1900), also cited by plaintiffs, in which the court said at page 541: "By the terms of the case stated, it appears that at the time of the execution of the agreement of sale Collins Avenue, . . ., was graded and paved, and *that the improvement was then fully completed.* . . . Upon these facts, we are of the opinion that this case is ruled by Lafferty v. Milligan, 165 Pa. 534." (Italics supplied.)

The case In re Grading, Paving Evergreen Rd., 114 Pa. Superior Ct. 499, held that a municipality was not guilty of laches because it did not petition for the appointment of viewers until more than five years after the completion of street improvement. We do not concur with counsel that the language of the court can

be construed to mean that there is a lien before anything is placed on the record. The court indicated that all which existed prior thereto was a "right of lien".

The Act of May 16, 1923, P. L. 207, sec. 9, was the first to include the provision fixing the liability between the buyer and seller of land affected by municipal improvement. The case of Shoub et ux. v. Dunbar, 256 Pa. 311 (1917), cited by plaintiffs, was decided before the Act of 1923 and involved a different statute. In that case the court held that even though a portion of the land involved in the sale had been vacated as a public street, the fact that damages for the benefit arising therefrom had not been ascertained, prevented the seller from being able to convey "free and clear of all liens and encumbrances".

A study of the paper books discloses that the reason the title to the portion of land that had previously been Federal Lane was defective, was because, although it had been vacated as a public highway that did not affect the rights of the owners of other lots in the plan to use the portion of Federal Lane which the ordinance vacated. Their rights could only be divested in that part of the lot by appropriate proceedings to ascertain damages and benefits from the vacation of the street. The right of the other owners to use the land was the "encumbrance" that prevented the sale. The decision in this case has no bearing, therefore, on the instant matter. It will be noted, however, that the action giving rise to the benefits or damages had been completed, just as in all of the other cases cited.

It appears, therefore, that the provisions of the statute quoted above are in harmony with the prior decisions on the question. In each, it is the fact that the work had been completed prior to the conveyance which placed the responsibility on the seller. The statute makes one further provision for the purpose

of clarity and that is that the date in the certificate shall be conclusive of the time of completion.

The rule in the cases and the statute is entirely a reasonable one. In cases such as the instant one, the buyer is put on notice of a possible assessment because the work is in progress at the time of negotiations, and prior to the passing of title. In Pennsylvania, a purchaser takes subject to any visible and notorious easement without express mention in a deed, and generally is bound by the rights of any person who may be in possession: Liquid Carbonic Co. v. Wallace, 219 Pa. 457; Lazarus v. Lehigh and Wilkes-Barre Coal Co., 246 Pa. 178.

In Woods v. Farmere, 7 Watts 382, Chief Justice Gibson said, at page 387: ". . . it certainly evinces as much carelessness to purchase without having viewed the premises, as it does to purchase without having searched the register." Where the improvements have been completed prior to the contract or sale, the buyer has little or nothing to put him on notice of a possible municipal claim or assessment. The provisions of the statute that where the work is completed before the sale the seller is responsible, and where completed after the sale the purchaser is liable, is in harmony with the prior cases and with the law of the Commonwealth in similar situations.

The decision in Bartlett v. Beverly School Land Co., 170 Pa. Superior Ct. 307, indicates, although it does not decide, that the provisions of the Act of 1937 determine the responsibility to pay assessments as between a buyer and a seller. In that case the court held that the statutory rule was not applicable because the parties had "otherwise agreed" upon the payment of the assessment.

We conclude, therefore, that since the certificate of completion of the improvements was issued after both the contract of sale and the delivery of the deed, there

was no encumbrance upon the land at the time of the transfer. Since there was no provision for the payment of the assessment, under the statute liability falls upon plaintiffs. They cannot recover from defendants in this action and defendants' objection in the nature of a demurrer must be sustained. An opportunity will be afforded plaintiffs to amend to state a cause of action, if they desire.

And now, October 31, 1955, defendants' preliminary objection in the nature of a demurrer is sustained and the complaint dismissed, unless plaintiffs shall amend, so as to state a cause of action, within 10 days from the date hereof. An exception is noted for plaintiffs.